Sylvia **PIMENTEL**, Plaintiff–Appellant,

v.

**CITY OF NEW YORK, Administration of Children's Services, and OCSE–Office of Child Support Enforcement, Defendants–Appellees.**

No. 02–7779.

United States Court of Appeals, Second Circuit.

Sept. 11, 2003.

Sylvia Pimentel, Brooklyn, NY, pro se.

Fay Ng, Senior Counsel (Michael A. Cardozo, Corporation Counsel, of counsel) City of New York Law Department, New York, NY, for Appellee.

PRESENT: MCLAUGHLIN, CABRANES and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Plaintiff Sylvia Pimentel appeals from a judgment of the District Court entered May 14, 2002, granting defendant's motion for summary judgment dismissing her retaliation claim.

Pimentel, a caseworker with the City of New York's Administration for Children's Services Office of Child Support Enforcement ("OCSE"), alleged that the City discriminated against her on the basis of her race and her disability in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.,* and the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12102 *et seq.* Pimentel alleged also that her employer retaliated against her for filing charges of discrimination by denying her requests to transfer to a different OCSE office and then out of OCSE altogether.

The District Court initially granted summary judgment in favor of the defendant dismissing all of plaintiff's claims except her retaliation claim. *See Pimentel v. City of New York,* No. 00 Civ. 326, 2001 U.S. Dist. LEXIS 20426 (S.D.N.Y. Dec. 11, 2001). Thereafter, the City moved for reconsideration of the denial of summary judgment with respect to the retaliation claim. Upon reconsideration, the District Court granted the City's motion and dismissed the retaliation claim. The District Court held that "Pimentel has failed to establish that denial of her transfer requests constituted an adverse employment action...." *Pimentel v. City of New York,* No. 00 Civ. 326, 2002 U.S. Dist. LEXIS 8454, at *17 (S.D.N.Y. May 14, 2002).

We review a grant of summary judgment *de novo. Fujitsu Ltd. v. Fed. Express Corp.,* 247 F.3d 423, 428 (2d Cir. 2001). Viewing the evidence in the light most favorable to Pimentel, we agree with the District Court that there is no issue of material fact in dispute and that the City is entitled to judgment as a matter of law. A plaintiff alleging discriminatory retaliation must prove, *inter alia,* that her employer took an adverse employment action against her. *See Gordon v. New York City Bd. of Educ.,* 232 F.3d 111, 116 (2d Cir. 2000). To sustain an adverse employment action, a plaintiff must "endure[ ] a 'materially adverse change' in the terms and conditions of employment." *Galabya v. New York City Bd. of Educ.,* 202 F.3d 636, 640 (2d Cir.2000) (quoting *Richardson v. New York State Dep't of Corr. Serv.,* 180 F.3d 426, 446 (2d Cir.1999)).

As the District Court explained, a forced transfer, or denial of a transfer, may amount to an adverse employment action when, for example, an employee is forced to move to or to stay in a unit with more cumbersome job responsibilities or lower compensation. *See Richardson*, 180 F.3d at 444 (finding "sufficient evidence to conclude that the transfer and reassignment—which involved different job responsibilities and a move to a position involving contact with the prisoner population—constituted an adverse employment decision"). However, a forced transfer, or denial of a transfer, is not an adverse employment action if the terms, privileges, duration, or condition of a plaintiff's employment do not change. *See Weeks v. New York State (Div. of Parole)*, 273 F.3d 76, 86–87 (2d Cir.2001) (concluding that a forced transfer to another work location failed to rise to the level of an adverse employment action when the plaintiff failed to demonstrate that the transfer materially changed her terms and conditions of employment); *Galabya*, 202 F.3d at 641 (affirming entry of summary judgment when plaintiff had not "produced evidence to show that the transfer was to an assignment that was materially less prestigious, materially less suited to his skills and expertise, or materially less conducive to career advancement").

Here, Pimentel has presented no evidence that the positions she sought, first in another OCSE office and then outside OCSE, were objectively preferable to the position she already held. Because Pimentel has failed to raise an issue of material fact with respect to an essential element of her retaliation claim, the District Court properly granted summary judgment dismissing that claim.

We have considered all of plaintiff's claims on appeal and we hereby AFFIRM the judgment of the District Court substantially for the reasons stated by the Court in its Opinion and Order entered May 14, 2002.